**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Darryl L. Hawkins, | ) | No. CV 13-0049-TUC-BGM |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Louis W. Winn, Jr., | ) | |
| Respondent. | ) | |

Currently pending before the Court is Petitioner Darryl W. Hawkins's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Petitioner has filed a Memorandum of Law in Support of Petition (Doc. 9). Respondent Winn has filed his Answer to Petition and Motion to Dismiss Petition ("Answer") (Doc. 18). Petitioner filed a Reply to the Answer (Doc. 24) and a Memorandum of Points and Facts in Support of Reply to Response ("Memorandum") (Doc. 25). Petitioner has also filed a Motion to Compel or in the Alternate Motion to Strike (Doc. 26) and a Request for Production of Documents to Respondent (Doc. 27). The United States Magistrate Judge has received the written consent of both parties, and presides over this case pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure. See Order 9/18/2013 (Doc. 34). For the reasons that follow, the Magistrate Judge denies the Petition (Doc. 1), and denies as moot the Petitioner's Motion to Compel (Doc. 26) and Motion to Produce Documents (Doc. 27).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary ("USP") in Tucson, Arizona. *See* Answer (Doc. 18), Decl. of Robert C. Jennings (Exh. 1) at ¶ 4, Attach. 1 at 2. He is serving a 180 month sentence from the Eastern District of Pennsylvania for Possession of a Firearm by a Convicted Felon. *Id.* at Attach. 1 at 1 ("Inmate Data Sheet"). Petitioner is projected to complete this sentence on September 28, 2016, via Good Conduct Time ("GCT") provided Petitioner earns all available GCT. *Id.* Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 22, 2013. *See* Petition (Doc. 1). Petitioner asserts that the Federal Bureau of Prisons ("BOP") incorrectly calculated the commencement date of his federal sentence and failed to properly credit time served against his federal conviction. *Id.* at 9. Petitioner requests a recalculation of his sentence credit and a subsequent release from federal custody. *Id.* at 10.

On January 15, 1992, Petitioner was paroled from a state sentence by the Pennsylvania Board of Probation and Parole ("Parole Board"). *See* Answer (Doc. 18), Exh. 1, Attach. 6. At the time of his parole, Petitioner had an undischarged prison term of 9 years, 7 months, and 4 days. *Id.* On November 13, 1993, state authorities arrested Petitioner on various felony charges, including possession of a firearm. *Id.* at ¶ 5, Attach. 2 ("Sealed Presentence Report") at 2.[1] Petitioner was placed in state custody pending a parole violation at the Pennsylvania Department of Corrections ("PADOC") Graterford facility. *Id.* at ¶5, Attach. 3 (PADOC Moves Report). On October 13, 1994, Petitioner was "borrowed" by United States Marshals from the State of Pennsylvania's custody pursuant to a writ of habeas corpus ad prosequendum. *See* Answer (Doc. 18), Exh. 1, Attach. 4 ("USMS Prisoner Tracking

---

[1] The Court has examined the Sealed Presentence Report to confirm Robert C. Jennings' declaration that Petitioner was initially arrested by a Philadelphia police officer.

1  System") at 2 ("WHCAP,[2] 10/13/1994, GRATERFORD"). Petitioner pled guilty to the
2  federal felony of Possession of a Firearm by a Convicted Felon, a violation of 18 U.S.C. §
3  922(g)(1). *Id*. at Attach. 5 at 1. On November 1, 1995, the Eastern District of Pennsylvania
4  sentenced Petitioner to 180 months imprisonment. *Id*. at 2. On November 9, 1995, Petitioner
5  was returned to the primary custody of Pennsylvania. *Id*. at Attach 4 ("USMS Prisoner
6  Tracking System") at 2 ("RL-WHCAP, 11/09/1995, RETURN TO SCI-GRATERFORD").

7  Based on this federal conviction, the Parole Board found that Petitioner violated the
8  conditions of his state parole and recommitted him for the remainder of his undischarged
9  term. *See* Answer (Doc. 18), Exh. 1, Attach. 6 ("Parole Board Recommitment Form"). The
10 Parole Board determined that Petitioner was returned to state custody on November 1, 1995,
11 following his federal conviction. *Id*. The Parole Board added the undischarged prison term
12 of 9 years, 7 months, and 4 days to the return date of November 1, 1995 and concluded that
13 Petitioner was to serve his state parole violator sentence until June 5, 2005. *Id*. Petitioner's
14 federal sentence commenced on the day his state sentence expired, June 5, 2005. *Id*. at
15 Attach. 8 ("Sentence Monitoring Computation Data") at 2. Petitioner received 718 days of
16 credit towards his federal sentence for time served between his arrest date, November 13,
17 1993, and the day prior to his return to state custody, October 31, 1995. *Id*. Petitioner does
18 not dispute that this time served was credited towards his federal sentence. *See* Petition
19 (Doc. 1) at 9.

20 On January 23, 2013, while incarcerated at USP in Tucson, Arizona, Petitioner filed
21 his Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal
22 Custody. *Id*. at 1. Petitioner asserts that his federal sentence should have commenced the
23 day it was imposed and that he has completed his federal sentence. *Id*. at 17. On May 15,
24 2013, Respondent filed an Answer to Petition and Motion to Dismiss. *See* Answer (Doc. 18).

---

[2] Robert C. Jennings, a Management Analyst for the BOP, confirms that "WHCAP" stands for Writ of Habeas Corpus Ad Prosequendum. *See* Answer (Doc. 18), Decl. of Robert C. Jennings (Exh. 1) at ¶ 5.

## II. ANALYSIS

### A. Jurisdiction of the Court

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), *quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). In the case of a habeas petition, such jurisdiction is dependent upon a proper characterization of the petition.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864. Therefore, this Court's jurisdiction depends upon a proper characterization of Petitioners's claims. Petitioner is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted). Such a challenge must be brought pursuant to § 2241 in the custodial court. Petitioner being incarcerated at the USP Tucson, Arizona, when the Petition was filed, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

### B. Exhaustion of Administrative Remedies

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). Petitioner first filed a Petition for Writ of Habeas Corpus in the Middle District of

- 4 -

Pennsylvania and then appealed through the BOP Administrative Remedy Program. *See* Petition (Doc. 1) at 2-3. Neither the District Court for the Middle District of Pennsylvania nor Respondent have suggested Petitioner has failed to exhaust his administrative remedies. As such, this Court finds that Petitioner has exhausted his administrative remedies.

**C. Successive Petition**

Respondent points out that Petitioner has previously attempted unsuccessfully to litigate this same issue in another venue and suggests that this instant action is a successive petition and an abuse of the writ. *See* Answer (Doc. 18) at 5 n. 3. "A 'successive petition" raises grounds identical to those raised and rejected on the merits on a prior petition." *Kuhlmann v. Wilson*, 477 U.S. 436, 445 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (citing *Sanders v. United States*, 373 U.S. 1, 15-17, 83 S.Ct. 1068, 1077-78, 10 L.Ed.2d 148 (1963)); *See also Campbell v. Blodgett*, 997 F.2d 512, 515-516 (9th Cir. 1992) ("A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits."). Section 2244(a), 28 U.S.C., provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court in the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). "When a district court denies consideration of the merits of a petition on the ground that it is abusive or successive, [the Ninth Circuit Court of Appeals will] review for abuse of discretion." *Campbell*, 997 F.2d at 516.

Petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. *See* Answer (Doc. 18), Exh. 2 (Report and Recommendation and Order adopting the same). The district court judge in Pennsylvania adopted the magistrate judge's report and recommendation denying Petitioner's § 2241 Petition, and finding that "the BOP correctly calculated petitioner's federal sentence by

denying petitioner credit for time served in federal custody pursuant to a writ of habeas corpus ad prosequendum[.]" *Id.*, Exh. 2 at 1. Accordingly, this Court finds that the legality of Petitioner's detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. Nevertheless, the Court, in its discretion, has elected to decide the Petition on the merits.

### D. Credit for Pre-Sentence Incarceration

The calculation of a term of imprisonment may include credit for prior custody:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed;
>>
>> or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988), *per curiam*.

Moreover, a federal sentence does not begin when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991). Federal custody does not begin until the state authorities relinquish the prisoner on satisfaction of the state obligation. *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992); *Whalen*. The sovereign which first arrested an offender has primary jurisdiction over that offender, unless that sovereign relinquishes it to another sovereign (through, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence). *See e.g., United States v. Warren*, 610 F.2d 680 (9th Cir. 1980). Borrowing a

prisoner from state custody from a primary custodian via a writ of habeas corpus ad prosequendum does not result in the original sovereign relinquishing its primary jurisdiction. *Thomas v. Brewer*, 923 F.2d at 1367, *citation omitted* ("'When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.'"). Additionally, the United States Supreme Court has determined that the United States Attorney General continues to retain authority to award presentence jail credit. *Wilson*, 503 U.S. at 337.

Here, Petitioner's arguments are flawed because they are based on misconceptions. First, Petitioner argues that when he was sentenced federally, there was no sentence in place with which the federal sentence could run consecutively. Next, Petitioner claims that federal authorities arrested him so he was under the primary jurisdiction of the federal government. Finally, Petitioner denies the existence of a Writ of Habeas Corpus Ad Prosequendum.

### 1. Petitioner was subject to an undischarged term of imprisonment when his federal sentence was imposed.

Petitioner states that he was not subject to any state sentence when he was federally sentenced because the state charges which he was arrested for were dropped for lack of prosecution. *See* Petition (Doc. 1) at 8. Petitioner argues that at the time his federal sentence was imposed, there was no other sentence with which the federal sentence could be run consecutively. *Id*. at 14. Thus, Petitioner concludes because he was sentenced federally before his state parole violator sentence was imposed, the federal sentence could not be run consecutively to his state sentence. *Id*. As such, Petitioner asserts that his federal sentence should have commenced on November 1, 1995, the day it was imposed. *Id*. at 8. The statute governing multiple terms of imprisonment states in pertinent part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

- 7 -

18 U.S.C. § 3584(a). Petitioner argues that section 3584(a) is inapposite because his state term of imprisonment was not imposed until after the federal term. *See* Petition (Doc. 1) at 14. Contrary to Petitioner's argument, Petitioner was subject to an undischarged term of imprisonment while he was on parole. When Petitioner was paroled in 1992, he had an undischarged prison term of 9 years, 7 months, and 4 days. *See* Answer (Doc. 18), Exh. 1, Attach. 6 ("Parole Board Recommitment Form"). Therefore, section 3584(a) is applicable. Pursuant to section 3584(a), because Petitioner had this undischarged term of imprisonment, his federal sentence could have been run either concurrently or consecutively to this state sentence. Further, because his federal sentence was imposed at a different time than his state sentence and because the court did not order the terms to be run concurrently, the statute directs that the federal sentence be run consecutively to the undischarged term of imprisonment. Therefore, Petitioner is mistaken in asserting that his federal sentence should have commenced the day it was imposed because he had to serve his state sentence before his federal sentence could run consecutively. The Court finds that the record demonstrates that Petitioner was subject to an undischarged state term of imprisonment and that his federal sentence was correctly ran consecutively.

### 2. The Commonwealth of Pennsylvania first arrested Petitioner and had primary jurisdiction over him.

Next, Petitioner claims that the "federal government undoubtedly had primary jurisdiction over Petitioner before it released him to state authorities." *See* Petition (Doc. 1) at 10. However, in Petitioner's first Petition for Writ of Habeas Corpus filed in the Middle District of Pennsylvania, the Judge found that Petitioner was arrested by state authorities. *See* Answer (Doc. 18) Exh. 2 ("Report and Recommendation") at 5. Further, the sealed Presentence Report also confirms that Petitioner was arrested by a Philadelphia Police Officer. *Id.* at Exh. 1, Attach. 2 ("Presentence Report"). Petitioner relies on an Arrest Report which states the arresting authority as United States Attorney. *See* Memorandum (Doc. 25) at 3, Exh. 1 ("Arrest Report"). However, this is a Parole Board Arrest Report which is a

1  form used for adjusting paroles based on violations. It is not a report written by the arresting
2  authority. The Arrest Report is dated March 9, 1995, nearly a year and a half after the arrest.
3  *Id*. Petitioner mistakenly relies on this report to prove he was arrested by federal authorities.
4  This Arrest Report does not state that Petitioner was arrested by federal authorities. *Id*. The
5  Arrest Report states that Petitioner was arrested and charged with rape and possession of a
6  handgun. *Id*. It appears to the Court that the Arrest Report is more evidence suggesting the
7  Petitioner was arrested by state police. Because the Commonwealth of Pennsylvania first
8  arrested Petitioner, they are the sovereign which had primary jurisdiction over Petitioner.
9  The Court finds that the record demonstrates that Petitioner was arrested by state police and
10  the Commonwealth of Pennsylvania obtained primary jurisdiction over Petitioner.

<u>3. Petitioner was produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody.</u>

Finally, Petitioner claims that there was no writ of habeas corpus ad prosequendum. *See* Memorandum (Doc. 25) at 7. Petitioner bases this claim on the fact that the Respondent has not produced the writ of habeas corpus ad prosequendum and the federal docket does not reflect the writ's issuance. *Id*. at 6. Petitioner acknowledges that when a prisoner is loaned to another sovereign pursuant to a writ of habeas corpus ad prosequendum that the sender's jurisdiction continues uninterrupted. *See* Petition (Doc. 1) at 16. Petitioner asserts that the federal government was his primary custodian from his arrest date. *Id*. at 12. He argues that even if the state was his actual primary custodian, the state relinquished jurisdiction when they transferred Petitioner to the federal government because there was no writ of habeas corpus ad prosequendum. *See* Memorandum (Doc. 25) at 7. Petitioner believes that he was under federal jurisdiction when he was sentenced because either the federal government was his primary custodian or the state relinquished jurisdiction to the federal government. *Id*. Based on 18 U.S.C. § 3585(a),[3] Petitioner concludes that his federal sentence should have

---

[3]Section 3585(a) states:
A sentence to a term of imprisonment commences on the date the defendant is

- 9 -

1 commenced the day it was imposed. *See* Petition (Doc. 1) at 11. Petitioner cites to a BOP
2 Program Statement which interprets § 3585(a) and states "if the prisoner... is in exclusive
3 federal custody (not under the jurisdiction of a federal writ of habeas corpus ad
4 prosequendum) at the time of sentencing on the basis of the conviction for which the
5 sentence is imposed, the sentence commences on the date of imposition." *See* Petition (Doc.
6 1) at 12, quoting BOP P.S. 5880.28, p. 1-12. If there was no writ of habeas corpus ad
7 prosequendum, this language would govern and the federal sentence should have commenced
8 on the day it was imposed.

9 However, Petitioner's argument fails because there was in fact a writ of habeas corpus
10 ad prosequendum. Although the writ is not in the record or reflected in the federal docket,
11 there is evidence in the record that supports the fact that Petitioner was borrowed from state
12 custody pursuant to a federal writ of habeas corpus ad prosequendum. The United States
13 Marshals Individual Custody and Detention Report for Petitioner reflects that on October 13,
14 1994, Petitioner was "borrowed" by United States Marshals from the State of Pennsylvania's
15 custody pursuant to a writ of habeas corpus ad prosequendum. *See* Answer (Doc. 18), Exh.
16 1, Attach. 4 ("USMS Prisoner Tracking System") at 2 ("WHCAP, 10/13/1994,
17 GRATERFORD"). On November 9, 1995, Petitioner was returned to the primary custody
18 of Pennsylvania. *Id*. at Attach 4 ("USMS Prisoner Tracking System") at 2 ("RL-WHCAP,
19 11/09/1995, RETURN TO SCI-GRATERFORD"). The Court finds that the record
20 demonstrates that Petitioner was borrowed from state custody pursuant to a federal writ of
21 habeas corpus ad prosequendum and subsequently returned to state custody once the purpose
22 of the writ was exhausted.

23 In conclusion, Petitioner was arrested on November 13, 1993 by state authorities who
24 retained primary jurisdiction over him. As a parole violator, he was subject to an

---

received in custody awaiting transportation to, or arrives voluntarily to commence
service at, the official detention facility at which the sentence is to be served.

- 10 -

undischarged term of imprisonment. On October 13, 1994, he was transferred pursuant to a federal writ of habeas corpus ad prosequendum. On November 1, 1995, he was sentenced by a District Court Judge to 180 months imprisonment. On that same day, the purpose for his federal writ was exhausted and the Commonwealth of Pennsylvania was again the primary custodian. Although Petitioner was not returned to a state facility until November 9, 1995, he began serving the remainder of his undischarged state parole violator term of imprisonment on November 1, 1995. Petitioner was given credit against his federal sentence for time spent in custody between November 13, 1993, and November 1, 1995. He finished his state sentence on June 5, 2005. On this day, his federal sentence commenced. Petitioner's commencement dates have been properly calculated and he has been properly given credit for time served. Therefore, the Petitioner's Petition (Doc. 1) shall be denied.

### III.  MOTIONS TO COMPEL AND PRODUCTION OF DOCUMENTS

The United States Supreme Court has stated that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-1797, 138 L. Ed. 2d. 97 (1997). The availability of any discovery during a habeas proceeding is within the sound discretion of the court. *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). The record is sufficient with no need for additional discovery. Moreover, based on the foregoing, these motions are moot.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1) Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) is DENIED;

(2) Petitioner's Motion to Compel or in the Alternate Motion to Strike (Doc. 26) is DENIED AS MOOT;

(3) Petitioner's Request for Production of Documents to Respondent (Doc. 27) is DENIED AS MOOT;

(4) A certificate of appealability is DENIED.  See 28 U.S.C. § 2253.  Reasonable jurists would not find the Court's ruling debatable.

(5) The Clerk of the Court shall close its file in this matter.

DATED this 20th day of December, 2013.

_____
Bruce G. Macdonald
United States Magistrate Judge

- 12 -